Federal Natl. Mtge. Assn. v Unknown Heirs (2024 NY Slip Op 05565)

Federal Natl. Mtge. Assn. v Unknown Heirs

2024 NY Slip Op 05565

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-09186
 (Index No. 8855/09)

[*1]Federal National Mortgage Association, plaintiff,
v
Unknown Heirs, etc., et al., defendants; Lighthouse Real Estate Acquisition, LLC, nonparty-appellant; MD Rafiquil Islam Miha, nonparty-respondent.

Charles R. Cuneo, P.C., Huntington, NY, for nonparty-appellant.
Borchert & LaSpina, P.C., Whitestone, NY (Robert W. Frommer of counsel), for nonparty-respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty Lighthouse Real Estate Acquisition, LLC, appeals from an order of the Supreme Court, Queens County (Lee A. Mayersohn, J.), entered July 24, 2023. The order, insofar as appealed from, denied those branches of the motion of nonparty Lighthouse Real Estate Acquisition, LLC, which were for leave to intervene in the action and, thereupon, pursuant to CPLR 5015(a)(4) to vacate, inter alia, an order and judgment of foreclosure and sale (one paper) of the same court entered November 23, 2016, and to dismiss the amended complaint for lack of jurisdiction.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In November 2006, Carolyn L. Sanders (hereinafter the decedent) borrowed $180,000 from Flagstar Bank, FSB, secured by a mortgage on certain real property located in Jamaica, Queens (hereinafter the property). The decedent died on February 2, 2008.
On April 7, 2009, the instant foreclosure action was commenced against, among others, the decedent. Thereafter, in September 2015, the Supreme Court appointed a referee to compute the amount due to the plaintiff. Then, in November 2016, the court issued an order and judgment of foreclosure and sale, inter alia, directing the sale of the property.
On April 14, 2017, the property was sold at public auction to A & S Ruscoe, Inc. (hereinafter Ruscoe), and Ruscoe subsequently conveyed the property to MD Rafiquil Islam Miha.
In January 2023, Mark Sanders, the alleged sole heir-at-law to the decedent, purported to convey title to the property to Lighthouse Real Estate Acquisition, LLC (hereinafter Lighthouse), of which he allegedly was a member. In March 2023, Lighthouse moved, inter alia, for leave to intervene in the action and, thereupon, pursuant to CPLR 5015(a)(4) to vacate, among other things, the order and judgment of foreclosure and sale, and to dismiss the amended complaint for lack of jurisdiction. In an order entered July 24, 2023, the Supreme Court, inter alia, denied those branches of the motion. Lighthouse appeals.
The Supreme Court providently exercised its discretion in denying Lighthouse leave to intervene. Lighthouse failed to show that Sanders had the authority to convey any interest in the property to Lighthouse and, therefore, that it had acquired a real and substantial interest in the outcome of the action so as to warrant intervention (see HSBC Mtge. Corp. [USA] v Wisnieski, 195 AD3d 603, 604).
In light of our determination, we need not reach the remaining contentions of Lighthouse and Miha.
IANNACCI, J.P., MALTESE, WAN and GOLIA, JJ., concur.
ENTER: Darrell M. Joseph
Clerk of the Court